NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DAVID ALAN SMITH, | ) | No. C 05-4528 PJH (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| Lieutenant DEREK TAYLOR, Camp Commander, | ) | |
| Respondent. | ) | |

Petitioner, a California prisoner currently incarcerated at the La Cima Conservation Camp in Julian, California, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the filing fee.

Venue is proper in this district because the conviction was obtained in Sonoma County, which is in this district. 28 U.S.C. § 2241(d).

**BACKGROUND**

Petitioner pled guilty to four counts of second degree robbery. He was sentenced to eight years in prison.

**DISCUSSION**

A. Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A habeas petition may be dismissed summarily "[i]f it plainly appears from the

face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Rule 4, Rules Governing Section 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  <u>Id.</u> (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75-76 (1977)).

B. <u>Legal Claims</u>

Petitioner contends that his sentence was based on a number of facts in aggravation which were decided by the sentencing court, rather than a jury.  He contends that this violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 488-90 (2000), and <u>Blakely v. Washington</u>, 124 S. Ct. 2531, 2537 (2004).  However, both those cases announced a new constitutional rule of criminal procedure that does not apply retroactively on habeas review.  <u>United States v. Sanchez-Cervantes</u>, 282 F.3d 664, 665 (9th Cir. 2002) (<u>Apprendi</u>); <u>Schardt v. Payne</u>, 414 F.3d 1025, 1038 (9th Cir. 2005) (<u>Blakely</u>).  This means that petitioner's sole argument cannot be grounds for federal habeas relief.  Because of this, he case will be dismissed.

**CONCLUSION**

For the foregoing reasons, the petition is DISMISSED.  <u>See</u> Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

The clerk shall close the file.

IT IS SO ORDERED.

DATED:  December 6, 2005.

PHYLLIS J. HAMILTON
United States District Judge

2

G:\PRO-SE\PJH\HC.05\SMITH528.DSM